IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

XEZAKIA ROUSE,

    Petitioner,

v.                                                Civ. No. 13-1246 JCH/GBW

STATE OF NEW MEXICO
CORRETIONS DEPARTMENT,

    Respondent.

## ORDER DENYING MOTION TO STAY ARREST WARRANT

THIS MATTER comes before the Court on Petitioner's Motion to Stay Any Warrant for Arrest.  *Doc. 14.*  The Court, having considered the Motion and relevant law, and being otherwise fully advised, will DENY the motion.

On December 30, 2013, Petitioner filed a motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court.  *Doc. 1.*  "The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law."  *Harrington v. Richter*, 131 S. Ct. 770, 780 (2011).  Under 28 U.S.C. § 2254, a federal court may grant a state prisoner's application for writ of habeas corpus only where (1) the state prisoner is held "in violation of the Constitution or laws or treaties of the United States" and (2) the prisoner has (with certain exceptions not relevant here) exhausted state remedies.  28 U.S.C. § 2254 (a)-(c).  A federal court should not review claims that relate solely to errors of state law.

Here, Petitioner is seeking relief from this Court with regard to a state law criminal matter. He states that he is "requesting the Court issue a stay on any warrant for arrest stemming from the matters at hand in CV-13-1246 JCH-GBW until these matters are finalized in fed[eral] court. This would be any possible warrant related to state #CR-2007 04768." *Doc. 14.* Based on this language, Petitioner appears to request that this Court preemptively obstruct any attempt to arrest Petitioner on a state court arrest warrant. His motion thus involves neither a constitutional violation nor an issue that has been fully litigated in state court. As such, a § 2254 action in federal court is not the appropriate vehicle through which to obtain the relief requested, and Petitioner's motion is therefore DENIED. Should Petitioner wish to challenge an arrest warrant relating to a pending state criminal matter, he should do so in state court.

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE