IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

XEZAKIA ROUSE,

    Petitioner,

v.                                               Civ. No. 13-1246 JCH/GBW

STATE OF NEW MEXICO
CORRETIONS DEPARTMENT,

    Respondent.

## ORDER REGARDING *EX PARTE* COMMUNICATIONS

THIS MATTER comes before the Court *sua sponte* to address mail that Petitioner has been sending to Judge Wormuth. Judge Wormuth received a letter from Petitioner on May 6, 2014, in which Petitioner alleged certain grievances and requested that the Court "keep this letter private." The Court entered an order regarding this letter on May 9, 2014, informing Petitioner that there did not appear to be good cause to file Petitioner's letter *ex parte*, and giving Petitioner 14 days to respond as to why the letter should not be filed publicly on the docket. *Doc. 31.* On May 12, 2014, Judge Wormuth received a second letter regarding Petitioner's case. The letter contained notes from two inmates attesting to prison officials' treatment of Petitioner. One of the inmates requested that the Court "[p]lease keep this [letter] secret as I don't want issues."

Generally, a Court is not permitted to engage in *ex parte* communications—that is, communications "from one party only, usu[ally] without notice to or argument from the adverse party." BLACK'S LAW DICTIONARY (9th ed. 2009) (defining "*ex parte*"). "[T]he danger posed by an *ex parte* communication between a litigant and the court is

that the court's impartiality may be compromised by the communication itself and the other litigant's inability to refute or clarify the substance of the communication." *Kaufman v. Am. Family Mut. Ins. Co.*, 601 F.3d 1088, 1095 (10th Cir. 2010). The ethical rules governing federal judges also provide that a judge should not consider *ex parte* communications on a pending matter. CODE OF CONDUCT FOR UNITED STATES JUDGES Canon 3(A)(4) (2014). If a judge receives a communication from one side only, he "should promptly notify the parties of the subject matter of the communication and allow the parties an opportunity to respond, if requested." *Id.*

Petitioner, by mailing private letters to Judge Wormuth that were not also sent to Defendants, is engaging in impermissible *ex parte* communications with the Court regarding a pending lawsuit. **The Court will therefore permit Petitioner 14 days from entry of this order in which to respond as to why the second letter sent to Judge Wormuth from Petitioner's fellow inmates should not be filed on the docket.**

Moreover, **Petitioner is hereby given notice that all future letters sent to Judge Wormuth and not communicated to Defendants will be filed publicly on the docket in this case**, without prior notice to Petitioner. If Petitioner believes there is good cause to file a document *ex parte*, he must seek **prior** permission from the Court by filing a Motion to Seal the document at issue.

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE