IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

XEZAKIA ROUSE,

      Petitioner,

v.                                                            Civ. No. 13-1246 JCH/GBW

STATE OF NEW MEXICO
CORRETIONS DEPARTMENT,

      Respondent.

## ORDER DENYING MOTION TO APPOINT COUNSEL

This matter is before the Court on Petitioner's Motion filed on April 22, 2014. *Doc. 32.* Having reviewed the Motion, the Court finds that Petitioner's request for counsel should be denied. Any additional relief Petitioner requests in his motion will be addressed via a separate order.

"There is no constitutional right to appointed counsel in a civil case. However, '[t]he court may request an attorney to represent any person unable to afford counsel.'" *Baker v. Simmons*, 65 F. App'x 231, 238 (10th Cir. 2003) (quoting 28 U.S.C. § 1915(e)(1)) (other citations omitted). "The decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). When deciding whether to grant a litigant's motion, the following factors guide the decision to appoint counsel in a civil case: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Thomas v. Brockbank*, 195 F. App'x 804, 807 (10th Cir. 2006) (quoting *Williams v. Meese*, 926 F. 2d 994, 996 (10th Cir. 1991)). Finally, the "burden is

on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

      In considering Petitioner's motion for the appointment of counsel, the Court has carefully reviewed the Motion, relevant case law, and the pleadings filed in this case in light of the above-referenced factors. Petitioner requests an attorney based on his alleged dearth of legal resources, as well as his lack of funds to purchase stationary supplies for writing the Court. In addition, Petitioner enumerates grievances that he says should entitle him to relief, and argues that an attorney would be able to help him succeed in his claims. Having considered Plaintiff's arguments, the Court concludes that the applicable factors do not indicate that counsel should be appointed here. Indigence is not a basis upon which to appoint counsel, and the Court finds that Petitioner has been able to adequately present his claims thus far. His motion under § 2254 does not present novel or complex legal claims. *Docs. 1, 2*. Moreover, Petitioner's numerous filings demonstrate his ability to coherently articulate his legal position. Thus, based on the Court's own review, none of the *Thomas* factors support granting Petitioner's Motion.

      Wherefore, **IT IS HEREBY ORDERED** that Petitioner's Motion (*doc. 32*) is DENIED as to Petitioner's request for appointment of counsel.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE