IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

XEZAKIA ROUSE,

    Petitioner,

v.   Civ. No. 13-1246 JCH/GBW

STATE OF NEW MEXICO
CORRETIONS DEPARTMENT,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (*docs. 1 & 2*), and Petitioner's Motion for Summary Judgment (*doc. 19*). Upon review of the Petition, Respondents' Answer (*doc. 24*), and Petitioner's Reply (*docs. 29, 35*), I recommend that the Petition be dismissed without prejudice for failure to exhaust, and that Petitioner's Motion for Summary Judgment be denied as moot.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Petitioner's § 2254 petition challenges his underlying conviction based on two claims of ineffective assistance of counsel. *Doc. 1* at 6. On March 29, 2011, Petitioner was sentenced in Bernalillo County District Court after pleading no contest to the charge of unlawfully taking a motor vehicle. *Doc. 24* at 2; *Case No. 11-cv-405-JCH/SMV, doc. 20*, Ex. A, B. Petitioner received a seven-year sentence with three years suspended,

1

resulting in four years of incarceration followed by two years of probation.  *Doc. 24* at 3; *Case No. 11-cv-405-JCH/SMV, doc. 20*, Ex. A.

### A. *First Federal Habeas Petition*

Petitioner filed his first federal habeas corpus petition pursuant to 28 U.S.C. § 2254 on May 11, 2011, in which he alleged six grounds for relief.  *Case No. 11-cv-405-JCH/SMV* [hereinafter *First Federal Petition*].  On March 6, 2012, the court dismissed all claims on the merits.  *First Federal Petition*, *doc. 58*.  Petitioner filed a notice of appeal and, on October 1, 2012, the Tenth Circuit granted Petitioner a partial certificate of appealability as to whether counsel was ineffective for (1) failing to argue that Petitioner's charges should be dismissed for failure to comply with the Interstate Agreement on Detainers (IAD), and (2) failing to file a notice of appeal.  *First Federal Petition*, *doc. 66*.

On remand, the district court dismissed Petitioner's two claims of ineffective assistance of counsel without prejudice, on the grounds that Petitioner failed to exhaust them at the state level.  *First Federal Petition*, *doc. 157*.  The court found that Petitioner's ineffective assistance of counsel claim for failing to appeal was unexhausted because "he did not raise the issue in his original [state] habeas petition.  Therefore, the matter was not 'properly presented' to the New Mexico Supreme Court." *First Federal Petition*, *Doc. 157* at 7.  In contrast, Petitioner's second ineffective assistance of counsel claim for failing to pursue an argument that Petitioner's charges should be dismissed for failure

2

to comply with the IAD was unexhausted because, although Petitioner raised it in his initial state habeas petition, he did not raise it in his petition for certiorari to the New Mexico Supreme Court. *Id.* at 7-8.

### B. Current Habeas Petition

Petitioner filed his currently pending § 2254 petition on December 30, 2013. *Doc. 1*. In his petition, he again brings the two claims of ineffective assistance of counsel that were dismissed without prejudice in his first federal habeas action: (1) "counsel failed to pursue meritable argument that my case should've been dismissed for failure of trial court to comply with the Interstate Agreement on Detainers" and (2) "counsel failed to file an appeal or take proper adversarial stance." *Id.* at 6. On April 3, 2014, Petitioner filed a Motion for Summary Judgment on these claims. *Doc. 19*.

Defendants filed their answer on April 14, 2014, in which they moved to dismiss the petition. *Doc. 24*. They allege that Petitioner's claims are unexhausted and time-barred, and argue that the petition is subject to dismissal on the merits. *See generally id.* Petitioner replied on April 29, 2014. *Doc. 29.*

### III. ANALYSIS

### A. The Exhaustion Requirement

A federal court cannot grant a petition for habeas corpus under § 2254 unless the petitioner "has exhausted the remedies available in the courts of the State."[1] 28 U.S.C. §

---

[1] A federal court may review a petitioner's unexhausted claims if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the

3

2254(b)(1)(A). To satisfy the exhaustion requirement, a habeas applicant must fulfill "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). A petitioner bears the burden of proving that he exhausted state court remedies or that exhaustion would have been futile. *See Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011).

Petitioner maintains that he exhausted his claims of ineffective assistance of counsel, and states that he has done the best he can as a *pro se* litigant. Doc. 29 at 2-3. Unfortunately, Petitioner has yet again failed to properly exhaust his claims. As of June 25, 2013, Petitioner's claims of ineffective assistance of counsel for failing to appeal and for failing to argue that Petitioner's claims should be dismissed pursuant to the IAD had not yet been exhausted in state court. *See First Federal Petition, doc. 157*. Petitioner filed a second state habeas petition directly with the New Mexico Supreme Court—presumably in an attempt to exhaust these claims—on June 27, 2013. Doc. 24, Ex. A. As grounds for relief, he stated (1) "violation of NMSA 31-5-12[2]," and (2) "improper acceptance of plea and refusal to grant proper relief." Doc. 24, Ex. A at 1. Nowhere in this petition did Petitioner mention counsel's failure to appeal or allege any other ineffective assistance of counsel.[3]

---

applicant." 28 U.S.C. § 2254(b)(1). Petitioner has not argued—and the record does not indicate—that either of these situations are present in this case.

[2] The Interstate Agreement on Detainers is codified in New Mexico at N.M. STAT ANN. § 31-5-12 (1978).

[3] Petitioner does state that his "attorney refused to argue the several motions I wrote to the Court . . . ." *Doc. 24*, Ex. A at 1. However, Petitioner never alleges that counsel was ineffective and makes no mention of counsel in either of the enumerated grounds for relief.

4

Petitioner's attempts to exhaust his claims, despite his status as a *pro se* litigant, are insufficient. 28 U.S.C. § 2254(b) expressly requires exhaustion of state court remedies in order to ensure that the state is given a full and fair "opportunity to pass upon and correct alleged violations of [their] prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks omitted). Petitioner's state habeas petition was not "presented to the state courts in a manner sufficient to put the courts on notice" of his constitutional claims of ineffective assistance of counsel. *Prendergast v. Clemens*, 699 F.3d 1182, 1184 (10th Cir. 2012). Petitioner fairly raised only the underlying substantive claim regarding the IAD; not the ineffective assistance claim based on his counsel's failure to make the IAD argument. *See Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008) (ineffective assistance claim based on failure to raise issue distinct from claim based on substantive issue).

In fact, it is clear that the New Mexico Supreme Court interpreted his petition as not raising any ineffective assistance of counsel claims because it expressly limited Defendants' response "to addressing the jurisdictional issue raised in the petition concerning the 120-day time period in Article 4 of the Interstate Agreement on Detainers." *Doc. 24*, Ex. B. The New Mexico Supreme Court did not, therefore, consider any ineffective assistance claims.

Because neither of Petitioner's claims of ineffective assistance of counsel have been properly presented at every level of New Mexico's appellate review process, they have not been exhausted.

## II.   CONCLUSION

I have found that Petitioner has again failed to exhaust his claims of ineffective assistance of counsel for failure to appeal and for failure to raise the IAD argument. I therefore recommend that the Court GRANT Respondent's Motion to Dismiss (*doc. 24*), DISMISS without prejudice Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (*docs. 1& 2*), and DENY AS MOOT Petitioner's Motion for Summary Judgment (*doc. 19*).

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**