**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

XEZAKIA ROUSE,

      Petitioner,

v.                                    Civ. No. 13-1246 JCH/GBW

STATE OF NEW MEXICO
CORRETIONS DEPARTMENT,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Petitioner's Ex Parte Motion for Protective Order (*doc. 32*); Addendum and Notice to the Court, which the Court construes as a Motion (*doc. 36*); Motion for Legal Access (*doc. 37*); and Motion for Court to Order NMCD and/or Corizon Medical Services to Exact Care (*doc. 39*).  Having considered the motions, I recommend that the Court DENY them, as they raise new claims not included in Petitioner's initial § 2254 petition, and are inappropriate for § 2254 review.

### I.    PETITIONER'S CLAIMS

Petitioner's grievances in these filings fall within three broad categories. Petitioner has elaborated on these categories, often reiterating the same facts and issues, in his *ex parte* correspondence with the Court.  *See docs. 50-57.*

#### A.  *Inadequate Medical Treatment*

Petitioner's first set of grievances concerns his medical treatment by the New Mexico Corrections Department (NMCD).  *Doc. 32* at 1-3; *doc. 39* at 1-2.  Petitioner states

that he has been diagnosed with "an extremely painful condition known as epididymitis/orchitis." *Id.* at 1.  He claims to be in constant, severe pain and to have difficulty walking, sleeping, and going to the bathroom. *Id.*  He further states that NMCD has wrongly refused to provide him with the medications he was prescribed while incarcerated in California. *Id.* at 1-2.

### B.  Denial of Access to the Courts

Next, Petitioner claims interference with access to the courts. *See doc. 37.*  In support of this allegation, he states that he has difficulty obtaining all of the materials he needs in order to communicate with the courts or pursue his cases effectively.  In particular, he argues that he has not received access to copies, access to a notary, legal forms, legal texts, envelopes, or case law. *Id.* at 1.  He alleges that his "state court stuff is being sent back for lack of copies, notarization, etc.," and claims that he "can't get stuff filed as promptly as possible." *Id.*  Further, Petitioner fears retaliation for helping other inmates with their legal matters, and claims that his legal mail is being opened and read by prison officials. *Id.* at 3-4.

### C.  Detention & Extradition Despite Having Paid Bail

Petitioner's final set of claims involves his extradition to, and current detention in, New Mexico. *See doc. 32* at 3-4.  Petitioner states that he was released from custody in California on a $10,000 bail payment on January 15, 2014. *Id.* at 3.  He explains that he was again arrested in California on March 3, 2014, pursuant to a New Mexico bench

warrant issued for his arrest for an alleged probation violation. *Id; see also doc. 24*, Ex. J. Petitioner was extradited to New Mexico, where he is currently incarcerated. He contends that his bail money was never returned, and argues that he was illegally and surreptitiously removed from California. *Doc. 32* at 4; *doc. 36* at 4 ("I paid that bail and I did nothing to violate it."). Finally, Petitioner claims that New Mexico acted unlawfully in extraditing him because "my Governor had not signed a Governor's warrant nor had my habeas petitions even be addressed let alone ruled on." *Doc. 36* at 4. Petitioner argues that, based on these violations, he should be released on his own recognizance or sent back to California. *See docs. 32, 36*. Defendants, for their part, maintain that Petitioner waived any extradition proceedings. *Doc. 24* at 6 n.6.

As far as the Court can deduce from the record, Petitioner is currently in custody in New Mexico pursuant to the bench warrant issued by Judge Brown on November 25, 2013 for violating the terms of his probation. *See doc. 24*, Ex. J. According to Petitioner's Motion for Extension of Time to File, Petitioner's probation violation hearing took place on May 28, 2014. *Doc. 40* at 2. Thus far, to the Court's knowledge, there has been no final determination as to whether Petitioner's probation has officially been revoked.

## II.   ANALYSIS

### A. *Petitioner Failed to Amend his Petition*

Petitioner's claims, as outlined above, fail for several reasons. As an initial matter, Petitioner never moved to amend his original § 2254 petition in order to add the

additional claims—inadequate medical treatment, denial of access to the courts, and unlawful detention and extradition—that he now raises.  His petition brings only two claims: (1) ineffective assistance of counsel for failing to argue that the Court did not comply with the Interstate Agreement on Detainers (IAD), and (2) ineffective assistance of counsel for failing to file an appeal.  *Doc. 1* at 6.  Nevertheless, Petitioner has consistently attempted to raise new issues, without moving to amend his petition as required by Federal Rule of Civil Procedure 15.  Because Petitioner failed to raise any of these claims in his initial § 2254 petition or via a motion to amend his petition, the Court may not consider them now.

### B.  Petitioner's Claims Cannot Be Addressed in a § 2254 Action

Second, even if Petitioner had appropriately moved to add these additional claims to his petition, they would fail because they do not concern issues appropriate for § 2254 review.  As the Court informed Petitioner in its Order Denying Motion to Stay Arrest Warrant (*doc. 17*), a federal court may grant a state prisoner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 only where (1) the state prisoner is held "in violation of the Constitution or laws or treaties of the United States," and (2) the prisoner has (with certain exceptions not relevant here) exhausted state remedies. 28 U.S.C. § 2254 (a)-(c).  An action under 28 U.S.C. § 2254 is therefore intended to challenge the lawfulness of a state prisoner's confinement pursuant to a final conviction in state court.

4

As to Petitioner's claims of inadequate medical treatment and denial of access to the courts, these claims do not challenge the validity of Petitioner's confinement and are therefore inappropriate for § 2254 review. They would be more appropriately addressed via a suit under 42 U.S.C. § 1983 for violation of Petitioner's civil rights. Moreover, as to his claim of denial of access to the courts, Petitioner presents no evidence that he has been hindered in pursuing the instant case. His main complaint is that some of his legal mail sent to New Mexico state court has been returned, resulting in not getting his documents "filed as promptly as is possible." *Doc. 37* at 1. Moreover, in order to state a claim of denial of access to the courts, Petitioner would have to "show that any denial or delay of access to the court prejudiced him in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996). The Court finds it inconceivable that Petitioner has suffered any meaningful difficulty pursuing the instant case, given the sheer number of filings Petitioner has submitted to the Court, most of which include numerous citations to case law.

Petitioner's allegation that he should be released on his own recognizance because he already paid bail in California is also not a claim that can be resolved through an action under § 2254. As far as the Court can determine based on the record before it, Petitioner's probation has not yet been revoked; he is in custody pending a decision on whether his probation should be revoked. There has therefore not yet been a final judgment in state court for Petitioner to challenge via a § 2254 action. To the

extent that Petitioner claims a due process violation, the record indicates that that he
has received the process due to him under the Supreme Court's opinion in *Gagnon v.
Scarpelli*, as he had a probation revocation hearing on May 28, 2014.  *Doc. 40* at 2; 411
U.S. 778, 782 (1973) ("[A] probationer . . . is entitled to a preliminary and a final
revocation hearing.").  Finally, with respect to any claim Petitioner has that his bail
money should be returned, this is a state issue that he would need to address in
California state court.

### C.  Petitioner's Claims Do Not Appear to Be Exhausted

A federal court cannot grant a petition for habeas corpus under § 2254 unless the
petitioner "has exhausted the remedies available in the courts of the State."[1]  28 U.S.C. §
2254(b)(1)(A).  A petitioner bears the burden of proving that he exhausted state court
remedies or that exhaustion would have been futile.  *See Selsor v. Workman*, 644 F.3d 984,
1026 (10th Cir. 2011).  Petitioner has clearly not exhausted any claim he may have under
§ 2254 regarding his detainment in New Mexico for violation of the terms of his
probation, as there has yet to even be a final determination on this issue.

Similarly, the claims Petitioner seeks to add regarding medical treatment and
access to the courts do not appear to be exhausted either.  As explained in Section II.B,
*supra*, these claims would be more properly addressed in a § 1983 action for violation of

---

[1] A federal court may review a petitioner's unexhausted claims if "there is an absence of available State
corrective process" or "circumstances exist that render such process ineffective to protect the rights of the
applicant."  28 U.S.C. § 2254(b)(1).  Petitioner has not argued—and the record does not indicate—that
either of these situations are present in this case.

Petitioner's civil rights.  Prisoner civil rights actions under 42 U.S.C. § 1983 require

exhaustion of all available administrative remedies.  The Supreme Court has held that

this provision requires "proper exhaustion" in compliance with the prison's grievance

procedure—that is, "a prisoner must complete the administrative review process in

accordance with the applicable procedural rules, including deadlines, as a precondition

to bringing suit in federal court."  *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006).  Prisoners

must exhaust all available remedies even if those remedies "appear to be futile at

providing the kind of remedy sought."  *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir.

2002).  The exhaustion requirement is mandatory and no longer within the discretion of

the district court.  *Woodford*, 548 U.S. at 85.  The Court therefore has no authority to

grant Petitioner relief on his claims—even if they had been properly brought in a § 1983

action—unless he is able to show that he has exhausted the administrative remedies

available within the prison's internal grievance system.  Although Petitioner mentions

at various points in his filings that he made complaints to NMCD, he does not offer any

proof that he exhausted administrative remedies.

For the foregoing reasons, it appears that none of the additional claims Petitioner

seeks to raise have been properly exhausted.

I.   CONCLUSION

Petitioner's motions and other filings raise new claims not included in his initial

§ 2254 petition, which are inappropriate for § 2254 review and do not appear to be

exhausted.  I therefore recommend that Petitioner's Ex Parte Motion for Protective

Order (*doc. 32*); Addendum and Notice to the Court (*doc. 36*); Motion for Legal Access

(*doc. 37*); and Motion for Court to Order NMCD and/or Corizon Medical Services to

Exact Care (*doc. 39*) be DENIED.

_____

GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of
a copy of these Proposed Findings and Recommended Disposition they may file written
objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party
must file any objections with the Clerk of the District Court within the fourteen-day
period if that party wants to have appellate review of the proposed findings and
recommended disposition.  If no objections are filed, no appellate review will be
allowed.**