IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

XEZAKIA ROUSE,

    Petitioner,

v.                                          Civ. No. 13-1246 JCH/GBW

STATE OF NEW MEXICO
CORRECTIONS DEPARTMENT,

    Respondent.

## ORDER DENYING MOTION TO APPOINT COUNSEL AND GRANTING MOTION FOR COURT FACILITIES

This matter is before the Court on Petitioner's Motion Requesting ECF/PACER Access for Free and/or the Assignment of Counsel. *Doc. 70.* Having reviewed the motion and the applicable law, the Court will GRANT IN PART Petitioner's Motion.

### Access to Court Facilities

In his Motion, Petitioner asks the Court to grant him approval to file documents electronically, stating that he will be released from custody soon and needs access to electronic filing in order to be appraised of the Court's rulings in the instant case. *Doc. 70.* Being fully advised, the Court finds that Petitioner's motion should be GRANTED IN PART.

Petitioner may register for a CM/ECF account which will allow him to file documents electronically. Notwithstanding the approval granted in this Order,

Petitioner will have to make the necessary arrangements with the Court Clerk to establish an electronic filing account. In addition, Petitioner must **personally** file any documents he seeks to file and serve electronically; he may not have any other individual file documents on his behalf. Finally, nothing in this Order shall be interpreted as requiring the prison to grant Petitioner computer access beyond whatever access he may currently have or be entitled to.

## Appointment of Counsel

Petitioner also requests appointment of counsel on the ground that, when he is released, he "will have no way of keeping up with [his] court dates or status of case [and because of] . . . these hardships [Petitioner] will be forced to abandon [his] case." *Doc. 70*. He claims that he will "not know how to properly fight [his] claim after [he is] released." *Id.*

"There is no constitutional right to appointed counsel in a civil case. However, '[t]he court may request an attorney to represent any person unable to afford counsel.'" *Baker v. Simmons*, 65 F. App'x 231, 238 (10th Cir. 2003) (quoting 28 U.S.C. § 1915(e)(1)) (other citations omitted). "The decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). When deciding whether to grant a litigant's motion, the following factors guide the decision to appoint counsel in a civil case: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his

claims, and the complexity of the legal issues raised by the claims." *Thomas v. Brockbank*, 195 F. App'x 804, 807 (10th Cir. 2006) (quoting *Williams v. Meese*, 926 F. 2d 994, 996 (10th Cir. 1991)). Finally, the "burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

In considering Petitioner's motion for the appointment of counsel, the Court has carefully reviewed the Motion, relevant case law, and the pleadings filed in this case in light of the above-referenced factors. As his basis for this request, Petitioner simply states that he will have difficulty keeping up with his case once he is released from prison because he "will not have a job or a home or a phone" and because he does not know how to properly pursue his claims. *Doc. 70.* These are not factors articulated in *Thomas* and therefore cannot be the basis for the Court's appointment of counsel. Furthermore, the applicable factors do not indicate that counsel should be appointed here. Petitioner does not present novel or complex legal claims. *See docs. 1 & 2.* Moreover, Petitioner's copious filings demonstrate his ability to adequately articulate his legal position. Thus, based on the Court's own review, none of the *Thomas* factors support granting Petitioner counsel, and his motion to appoint counsel is DENIED.

**Conclusion**

IT IS THEREFORE ORDERED that Petitioner's Motion Requesting ECF/PACER Access for Free and/or the Assignment of Counsel is GRANTED IN PART.  Petitioner may register for a CM/ECF account which will allow him to file documents electronically, subject to the provisions above.  Petitioner's request to appoint counsel, on the other hand, is DENIED.

This Order does not apply to any other cases that Petitioner may have pending in this district.

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE