IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


XEZAKIA ROUSE,

     Petitioner,

v.                                          Civ. No. 13-1246 JCH/GBW

STATE OF NEW MEXICO
CORRECTIONS DEPARTMENT,

     Respondent.


ORDER OVERRULING OBJECTIONS AND ADOPTING
PROPOSED FINDINGS & RECOMMENDED DISPOSITIONS

This matter comes before the Court on Petitioner's and Respondent's

Objections to the Magistrate Judge's Proposed Findings and Recommended

Dispositions (PFRDs) entered on June 6, 2014 (*doc. 49*), and June 10, 2014 (*doc. 58*).

I.    BACKGROUND

On March 16, 2011, Petitioner was convicted in Bernalillo County District

Court of unlawfully taking a motor vehicle after he entered a plea of no contest.

*Doc. 24* at 2; *Case No. 11-cv-405-JCH/SMV* [hereinafter *First Federal Petition*], *doc.

20*, Exs. A, B.  Petitioner was sentenced to four years incarceration followed by

two years of supervised probation.  *Doc. 24* at 3; *First Federal Petition, doc. 20*, Ex.

A.

1

A.  **Petitioner's Federal Habeas Corpus Petitions**

Petitioner filed his first petition for habeas corpus pursuant to 28 U.S.C. § 2254 on May 11, 2011.  *First Federal Petition, doc. 1.*  On March 6, 2012, the Court dismissed all of Petitioner's claims with prejudice.  *First Federal Petition, doc. 58*.  Petitioner filed a notice of appeal and, on October 1, 2012, the Tenth Circuit granted Petitioner a partial certificate of appealability as to two claims of ineffective assistance of counsel: (1) for failing to argue that Petitioner's charges should be dismissed for failure to comply with the Interstate Agreement on Detainers (IAD), and (2) for failing to file a notice of appeal.  *First Federal Petition, doc. 66*.  On remand, the Court dismissed these two remaining claims without prejudice, finding that Petitioner had failed to exhaust them at the state level.  *First Federal Petition, doc. 157*.

In the § 2254 petition currently before the Court, Petitioner brings the same two claims of ineffective assistance of counsel, alleging that: (1) "counsel failed to pursue meritable argument that my case should've been dismissed for failure of trial court to comply with the Interstate Agreement on Detainers," and (2) "counsel failed to file an appeal or take proper adversarial stance."  *Doc. 1* at 6.  On June 6, 2014, the Magistrate Judge entered his proposed findings and recommended disposition (first PFRD), finding that Petitioner had yet again

failed to exhaust these claims, and recommending dismissal without prejudice. *See generally doc. 49*.

Objections to the first PFRD were due July 25, 2014. *See doc. 65*. Petitioner and Respondent both filed timely objections. *Docs. 61, 63, 66, 67, 68*. Petitioner also filed additional objections after the deadline (*doc. 73*) , as well as a Motion to Consider New Evidence (*doc. 75*).

**B.   Petitioner's Supplemental Claims**

In addition to his claims of ineffective assistance of counsel under 28 U.S.C. § 2254, Petitioner has raised a number of unrelated allegations during the course of this federal proceeding.  These claims generally fall within one of three broad categories: (1) inadequate medical treatment received while Petitioner was in custody of the New Mexico Corrections Department (NMCD), (2) interference with Petitioner's access to the courts, and (3) Petitioner's allegedly unlawful detention and extradition.  *See docs 32, 36, 37, 39*.

On June 10, 2014, the Magistrate Judge entered a second PFRD addressing these issues.  *Doc. 58*.[1]  He recommended denying Petitioner's motions on the grounds that: (a) they improperly raised new claims not included in his initial § 2254 petition, (b) the claims were inappropriate for § 2254 review, and (c) the

---

[1] On June 5, 2014, Petitioner filed a Supplementary Motion Requesting Immediate Release, in which he elaborated on claims relating to his alleged unlawful detention.  *Doc. 48*.  This motion was not addressed in the second PFRD, but will be addressed in this order.

claims were not exhausted.  Specifically, the second PFRD recommended denying Petitioner's Ex Parte Motion for Protective Order (*doc. 32*), Addendum and Notice to the Court (*doc. 36*), Motion for Legal Access (*doc. 37*), and Motion for Court to Order NMCD and/or Corizon Medical Services to Exact Care (*doc. 39*).

Objections to the second PFRD were due on July 25, 2014.  *See doc. 65*. Petitioner filed timely objections (*docs. 59, 62*), as well as a related Motion for Injunctive Relief (*doc. 78*).

## II.    STANDARD OF REVIEW

Once a party objects to the Magistrate Judge's proposed findings and recommendations, the Court "shall make a de novo determination of those portions . . . to which objection is made."  28 U.S.C. § 636(b)(1)(C).  Objections must be made with specificity; general or conclusory objections are insufficient. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060-61 (10th Cir. 1996).  Because "the filing of objections . . . enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," only objections that are "sufficiently specific to focus the district court's attention" on the central disputes will be considered.  *Id.* at 1059-1060.  Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are also

deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001).

## III.   ANALYSIS

### A.   Objections to Magistrate Judge's First PFRD (*Doc. 49*)

In his June 6, 2014 PFRD, the Magistrate Judge concluded that Petitioner had not properly exhausted his claims of ineffective assistance of counsel.  *Doc. 49*.  He therefore recommended that the Court dismiss the petition (*docs. 1 & 2*) without prejudice, grant Respondents' Motion to Dismiss (*doc. 24*), and deny Petitioner's Motion for Summary Judgment (*doc 19*).

It has already been established that, as of June 25, 2013, Petitioner's claims of ineffective assistance of counsel had not been exhausted.  *See First Federal Petitioner, doc. 157*.  In that decision, the Court found that Petitioner's ineffective assistance of counsel claim for failing to appeal was unexhausted because "he did not raise the issue in his *original* [state] habeas petition."  *Id.* at 7 (emphasis added).  In contrast, Petitioner's ineffective assistance of counsel claim for failing to argue that Petitioner's claims should be dismissed for failure to comply with the IAD was unexhausted because, although Petitioner raised it in his initial state habeas petition, he did not raise it in his petition for certiorari to the New Mexico Supreme Court.  *Id.* at 7-8.

After the Court entered its decision, Petitioner filed a second state habeas petition directly to the New Mexico Supreme Court on June 27, 2013. *Doc. 24*, Ex. A. He then proceeded to file the instant federal petition, claiming that his claims of ineffective assistance of counsel had now been properly exhausted. In the first PFRD, the Magistrate Judge concluded that Petitioner's June 27, 2013 state habeas petition did not serve to exhaust his claims because "[n]owhere in the petition did Petitioner . . . allege any . . . ineffective assistance of counsel." *Doc. 49* at 4.

Petitioner objects to the first PFRD on a number of grounds. *See docs. 61, 66, 68, 73, 75.* Respondents object to the PFRD as well. *Doc. 63.* The Court will consider each objection in turn.

### 1. *Petitioner's Objection #1 – Attempts to exhaust claims*

In his first objection, Petitioner maintains that he has made every effort to properly exhaust his state law claims. In particular, he refers the Court to documents that he claims "clearly show[] [his] intentions to exhaust properly." *Doc. 61*[2] at 1.

On August 30, 2013, Petitioner sent a Request for Production of Clarification Order to the Supreme Court of New Mexico. *Doc. 29*, Ex. 1. In his request, he states that he needs "proof that there no longer remains a remedy . . .

---

[2] The court construes this motion as an objection to the first PFRD.

in the N.M. Supreme Court as to the issues that [his] attorney failed to present a meritable issue regarding dismissal of [his] case under the IADA . . . or filed an appeal and whether the Court of N.M. discussed this fact when it denied [him] a writ of certiorari." *Doc. 29*, Ex. 1 at 1-2. Petitioner also refers to a purported response from the New Mexico Supreme Court stating that the justices had considered and examined Petitioner's ineffective assistance of counsel claims. *See doc. 29*, Ex. 1 at 3.

Petitioner's objection does not establish that he has properly exhausted his claims. The document Petitioner submits, which is styled as a letter from the New Mexico Supreme Court to Petitioner, is undated, unsigned, and has no filing stamp. *See doc. 29*, Ex. 1 at 3. As such, it does not constitute an order from the New Mexico Supreme Court and, as far as the Court can deduce, was never filed. *See* NMRA Rule 1-058(D) ("Upon the signing of any order or judgment it shall be filed promptly in the clerk's office and such filing constitutes entry thereof."). In contrast, the documents that were properly entered in Petitioner's state habeas case clearly establish that his claims of ineffective assistance of counsel were unexhausted.

As an initial matter, this Court concluded on June 25, 2013, that Petitioner's claim of ineffective assistance of counsel for failing to appeal was unexhausted because he failed to raise it in his initial state habeas petition before

the state district court.  His second state habeas petition was not properly

presented to the state court because it was filed directly with the New Mexico

Supreme Court.  Therefore, it could not have remedied this deficiency.  As to

Petitioner's claim concerning counsel's failure to raise an IAD argument, the

Court agrees with the Magistrate Judge that Petitioner "raised only the

underlying substantive claim regarding the IAD; not the ineffective assistance

claim based on counsel's failure to make the IAD argument."  *Doc. 49* at 5 (citing

*Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008) (ineffective assistance claim

based on failure to raise issue is distinct from claim based on substantive issue)).

      The Court is sympathetic to Petitioner's statements that he has attempted

to properly exhaust his claims.  But mere efforts, however ardent, cannot suffice.

The Court is persuaded, upon reviewing the record, that despite Petitioner's best

efforts, he has again failed to exhaust his claims.  To properly exhaust, Petitioner

must bring his claims in an initial state habeas before the state district court and,

if unsuccessful there, must appeal the claims to the New Mexico Supreme Court.

Because Petitioner has failed to do so, his first objection is overruled.

      **2.  *Petitioner's Objection #2 – Respondents waived exhaustion defense***

      Petitioner next claims that Respondents have waived their exhaustion

defense.  *Doc. 66*.  He cites to Respondents' Answer and Motion to Dismiss, in

which they aver that "this Court need not resolve any outstanding exhaustion

issue because . . . the Petition is subject to dismissal with prejudice on the merits," (*doc. 24* at 10-11), and to Respondents' objection to the PFRD, which argues that the Court should dismiss the petition with prejudice rather than without prejudice for failure to exhaust (*see generally doc. 63*).

Petitioner misunderstands Respondents' position.  The mere fact that Respondents express a preference that the Court proceed to the merits and dismiss the petition with prejudice does not mean that they have waived the exhaustion requirement.  *See* 28 U.S. Code § 2254(b)(3) ("A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.").  Petitioner has not pointed the Court to any statement by Respondents indicating an affirmative desire to waive Petitioner's exhaustion requirement.  In fact, Respondents actually spent several pages of their Motion to Dismiss arguing that Petitioner did not properly exhaust his claims.  *See doc. 24* at 9-11; *see also doc. 67*.  For the foregoing reasons, Petitioner's second objection is overruled.

### 3.  *Petitioner's Objection #3 – Addendum to Objections, Citing Case Law*

Petitioner filed an Addendum to Objections to the Magistrate Judge's first PFRD on June 27, 2014.  *Doc. 68*.  In this filing, Petitioner cites to cases that he

urges "require[] [the Court] to assure that equitable justice is had in this matter." *Doc. 68* at 1.[3]  For the reasons discussed below, Petitioner's objection is overruled.

Petitioner first cites to *Ylst v. Nunnemaker*, 501 U.S. 797 (1991), a case that addresses "whether the unexplained denial of a petition for habeas corpus by a state court lifts a state procedural bar imposed on direct appeal, so that a state prisoner may then have his claim heard on the merits in a federal habeas proceeding."  *Ylst*, 501 U.S. at 799.  Petitioner believes that, because the New Mexico Court of Appeals and the New Mexico Supreme Court "never once explained why" they dismissed Petitioner's ineffective assistance of counsel claims, he is entitled to a judgment on the merits in federal court.

Unfortunately for Petitioner, the case he cites has no bearing on his claims. The Magistrate Judge did not find that Petitioner's claims were barred due to any state law or procedural rule.  Rather, he found that Petitioner had not complied with the federal statutory requirement that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court **shall not be granted unless** . . . the applicant has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1).  Because *Ylst* does not address this question, Petitioner's objection is overruled.

---

[3] Petitioner cites to three cases.  The Court will consider the third case, *Anderson v. Sirmons*, 476 F.3d 1131 (10th Cir. 2007), in the section of this Order relating to Petitioner's Objection #4.

Petitioner also cites to *English v. Cody*, 146 F.3d 1257 (10th Cir. 1998), for

the proposition that the Court should find in his favor because his counsel's

actions prejudiced him and constituted a "fundamental miscarriage of justice."

*Doc. 68* at 3.  Again, this case deals with a state procedural bar that precluded

consideration of Petitioner's motion for writ of habeas corpus in federal court,

not with the statutory requirements of 28 U.S.C. § 2254(b)(1).  Thus, for the

reasons stated above, this objection is also overruled.

### 4.  *Petitioner's Objection #4 – Motion to Consider New Evidence*

In his Motion to Consider New Evidence and for Expedited Ruling on

Pending Motions (*doc. 75*)[4], Petitioner cites to *Martinez v. Ryan*, 132 S. Ct. 1309

(2012), for the proposition that he "had a constitutional right to effective

assistance of counsel on what amounted to [his] first and only chance to file [a]

state habeas corpus petition."  *Doc. 75* at 1.  He claims that the fact he did not

have counsel for his state habeas petition excuses his failure to exhaust.

Petitioner is mistaken.  Contrary to his assertion, the Supreme Court in

*Martinez* explicitly declined to decide "whether a prisoner has a right to effective

counsel in collateral proceedings which provide the first occasion to raise a claim

of ineffective assistance at trial."  *Martinez*, 132 S. Ct. at 1315.  Instead, the

Supreme Court limited itself to a narrower question, concluding that "a federal

---

[4] The Court construes this motion as an objection to the first PFRD.

habeas court may excuse a procedural default of an ineffective-assistance claim

where the claim was not properly presented in state court due to an attorney's

errors in an initial-review collateral proceeding."  *Id.* at 1313.

 *Martinez* has no effect on Petitioner's case.  Neither the Court nor

Respondents claim that Petitioner is barred from pursuing a federal habeas

petition due to a procedural default in state court.  Petitioner is not prevented

from filing in federal court, provided that he returns to state court to exhaust his

claims.  Because Petitioner has not been prevented from pursuing his claims in

federal court due to a state procedural bar, *Martinez* is inapposite and Petitioner's

objection is overruled.

### 5.  *Petitioner's Objection #5 – Exhaustion Would be Futile*

 Finally, Petitioner argues that exhaustion in his case would be futile

because the New Mexico Supreme Court allegedly maintains that it has

considered his claims and because Petitioner is now subject to filing restrictions.

*Doc. 68* at 2; *doc. 73*.

 On August 4, 2014, the Supreme Court of New Mexico imposed filing

restrictions on Petitioner, stating that "for any future petition or appeal in which

Petitioner requests free process, Petitioner will be required to be represented by a

licensed member of the New Mexico Bar Association, or, alternatively, for any

future petition or appeal for which Petitioner requests free process and desires to

proceed pro se, Petitioner shall submit his application for free process with his petition or appeal, and this Court will review the petition or appeal prior to granting Petitioner free process." *Doc. 73*, Ex. 1 at 2.  The court further stated that "if Petitioner submits any future petition or appeal that has not been signed by a licensed New Mexico attorney, and if the Court determines that the petition or appeal is either non-meritorious or raises claims previously denied by this Court, Petitioner's application for free process shall be denied . . . ." *Id.*, Ex. 1 at 2-3.  In light of this order, Petitioner "asks this Court not to force [him] to go back to the N.M. Supreme Court to exhaust issues it doesn't wish to be bothered with anymore." *Doc. 73* at 2.  Petitioner cites to *Anderson v. Sirmons*, 476 F.3d 1131 (10th Cir. 2007), to support his assertion that it would be futile to require him to exhaust his state court claims.  *Doc. 68* at 2.

The requirement to exhaust claims in state court "is not applicable when the prisoner has no adequate remedy such that exhaustion would be futile." *Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005).  "The futility exception, however, is quite narrow." *Bun v. Wiley,* 351 F. App'x 267, 268 (10th Cir. 2009). Under federal habeas principles, "[t]here is a 'strong presumption' in favor of requiring exhaustion of state remedies." *Beavers v. Saffle*, 216 F.3d 918, 924 n.3 (10th Cir. 2000).  "An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to

render futile any effort to obtain relief." *Id.* (internal quotations omitted).

Moreover, the burden is on the petitioner to prove "that exhaustion would have

been futile." *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011).

In *Anderson*, for example, the Tenth Circuit held that it would be futile for

a petitioner to attempt to exhaust his state court claims where "there [was] a

*definitive* ruling from the state court that it [would] not review on the merits a

successor application" from petitioner because it had already ruled that "any

such successor application [petitioner] could potentially file in state court would

be barred" by the state court as untimely. 476 F.3d at 1138-39 (emphasis added).

In this case, unlike in *Anderson*, no state court has definitely ruled that it

would not consider Petitioner's claims. Petitioner is simply warned that his

application for free process on any future pro se claims would be denied if the

claims are non-meritorious or have already been denied. Here, we are dealing

with claims that, for reasons discussed elsewhere in this opinion, were

manifestly *not* properly before the state courts. More importantly, the Tenth

Circuit has affirmed a district court ruling that "filing restrictions[] are not a

valid excuse for failing to comply with the exhaustion . . . requirement." *Cf.*

*Escobar v. Brown*, No. 06-1222, 2010 WL 5230874, at *4. (D. Colo. Dec. 16, 2010),

*aff'd in part*, 496 F. App'x 806 (10th Cir. 2012) (holding prison facility's restrictions

did not excuse inmate from exhausting administrative remedies). "The onus [is]

on [Petitioner] to show that the alleged impediments existed and did in fact prevent . . . him from exhausting his claims," and he has failed to meet this burden. *Escobar v. Mora*, 496 F. App'x 806, 809-10 (10th Cir. 2012). Petitioner is still permitted to file claims in state court—either by bringing new meritorious claims or by engaging the services of an attorney to represent him. Finally, it would be illogical to reward Petitioner for his myriad frivolous filings by allowing him to proceed to the merits of his petition—and bypass the exhaustion requirement—on the basis of an order imposing filing restrictions.

For the foregoing reasons, Petitioner's objection is overruled.

### 6.  *Respondent's Objection – Requesting Dismissal with Prejudice*

Respondents also object to the Magistrate Judge's first PFRD and request that the Court dismiss Petitioner's claims with prejudice as time-barred, as opposed to without prejudice for failure to exhaust. *Doc. 63*. The Court, in its discretion, overrules Respondents' objection and declines to dismiss Petitioner's claims on that basis.

Although "[a]n application for a writ of habeas corpus *may* be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State," the Court is under no obligation to proceed to the merits on unexhausted claims. 28 U.S.C. § 2254(b)(2) (emphasis added). In light of Petitioner's copious filings, the Court is not persuaded that judicial

15

resources would be conserved by ruling on a merits issue in lieu of exhaustion at this juncture.  Thus, the Court overrules Respondents' objection.

**B.** **Objections to Magistrate Judge's Second PFRD (*Doc. 58*)**

In the June 10, 2014 PFRD, the Magistrate Judge addressed several motions filed by Petitioner concerning: (1) inadequate medical treatment received while in custody of the New Mexico Corrections Department (NMCD), (2) interference with Petitioner's access to the courts, and (3) Petitioner's allegedly unlawful detention and extradition.  *See docs 32, 36, 37, 39.*  The second PFRD recommended denying Petitioner's motions because: (a) they improperly raised new claims not included in his initial § 2254 petition, (b) the claims were inappropriate for § 2254 review, and (c) the claims were not exhausted.  *See generally doc. 58*.  Petitioner filed a number of objections to the second PFRD, which the Court now overrules for the reasons set forth below.  *See docs. 59, 62.* The Court will also consider Petitioner's Motion Requesting Injunctive Relief (*doc. 78*), and Petitioner's Supplemental Motion Requesting Immediate and Forthwith Release from NMCD Custody, which was filed on June 6, 2014, but was not addressed in the Court's second PFRD.  *Doc. 48.*

1. *Petitioner's Objection – Request for Injunction & Stay*

In Petitioner's first objection, he contends that he has "been able to effectively prove that the state time currently being challenged in this court is

already completed," that he is unable to get adequate medical care, and that the state filed a detainer enacting the protections of the IAD. *See generally doc. 59*. Petitioner requests an injunction to stop his parole and probation violation hearings set for June 12, 2014, and June 19, 2014, respectively. *Doc. 59* at 1. In his Notice filed June 12, 2014, Petitioner again requests that the Court "stay [his] parole & probation proceedings . . . ." *Doc. 62* at 2.

Petitioner is not entitled to a preliminary injunction and this objection is, therefore, denied. As an initial matter, Petitioner's parole and probation revocation hearings have already taken place at this point, causing his motion to be moot. More importantly, however, "[f]ederal courts are prohibited from interfering with ongoing state criminal proceedings absent extraordinary or special circumstances." *Glaser v. Wilson*, 480 F. App'x 499, 500 (10th Cir. 2012) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). This Court therefore has no power to stay proceedings of a state court relating to Petitioner's criminal charges, and denies Petitioner's objection.

### 2. *Petition's Motion Requesting Injunctive Relief (Doc. 78)*

In his Motion Requesting Injunctive Relief (*doc. 78*), Petitioner again raises issues concerning access to the courts, arguing that his legal mail is unlawfully being opened by prison officials. He requests that the Court (1) issue an order

enjoining NMCD from opening Petitioner's legal mail outside of his presence, and (2) "criminally investigate the culprits."  *Doc. 78* at 1-2.

Petitioner raises no new issues in this filing, nor does he address the Magistrate Judge's recommendation to dismiss this claim on the basis that, *inter alia*, it is inappropriate for § 2254 review because it does not challenge the lawfulness of his confinement pursuant to a final conviction in state court.  I agree with the Magistrate Judge's reasoning on this point, and therefore DENY Petitioner's Motion.

### 3.  *Petitioner's Supplemental Motion (Doc. 48)*

On June 5, 2014, Petitioner filed a Supplemental Motion Requesting Immediate and Forthwith Release from NMCD Custody.  *Doc. 48.*  Although this motion was not addressed in the Court's second PFRD, it addresses the same issues and, like Petitioner's other motions, will be denied.

In the motion, Petitioner sets out a detailed history of his incarceration and criminal prosecution.  He avers that his constitutional rights are being violated because he had already served "every day of his sentence and the parole in prison."  *Doc. 48* at 6.  Petitioner again raises issues of unlawful detention and extradition.  *Doc. 48* at 5.  He requests that the Court release him on his own recognizance and return him to California.  *Doc. 48* at 7.

Petitioner's motion simply reiterates, albeit with more detail, the claims he raised in his prior motions. *See docs. 32, 36, 37, 39.* His Supplemental Motion does not, however, overcome the reasoning in the Magistrate Judge's PFRD that: (a) the Court may not consider these claims because Petitioner failed to raise them in his petition or via a motion to amend, (b) the claims Petitioner raises are inappropriate for review under 42 U.S.C. § 2254, and (c) the claims have not yet been exhausted. *See generally doc. 58.* Therefore, for the reasons stated in the Magistrate Judge's second PFRD, Petitioner's Supplemental Motion (*doc. 48*) is DENIED.

IV.   **CONCLUSION**

The Court has reviewed *de novo* the portions of the Magistrate Judge's proposed findings and recommendations (*docs. 49, 58*) to which Petitioner and Respondents have made sufficient objections. The Court finds each objection to be without merit, and agrees with the Magistrate Judge's analysis. As such, the Court OVERRULES the objections and ADOPTS the proposed findings and recommended disposition.

Wherefore, IT IS HEREBY ORDERED that:

- All objections (*docs. 59, 61, 62, 63, 66, 67, 68, 73, 75*) are OVERRULED.

- Petitioner's Ex Parte Motion for Protective Order (*doc. 32*); Addendum and Notice to the Court (*doc. 36*); Motion for Legal Access (*doc. 37*);

Motion for Court to Order NMCD and/or Corizon Medical Services to

Exact Care (*doc. 39*); Supplementary Motion Requesting Immediate

Release (*doc. 48*); and Motion for Injunctive Relief (*doc. 78*) are

DENIED;

- Respondent's Motion to Dismiss (*doc. 24*) is GRANTED;

- Petitioner's Motion for Summary Judgment (*doc. 19*) is DENIED; and

- Petitioner's petition for habeas corpus (*docs. 1 & 2*) is DISMISSED

without prejudice.

IT IS SO ORDERED.


_____
UNITED STATES DISTRICT JUDGE